UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

RICKISHA THARP, et al.,

Defendants.

1:26-CV-5479 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Valerie Flores, who asserts that she resides within the State of New York, appears *pro se*. She invokes the court's diversity jurisdiction, but states that the legal bases for her claims are "18 US Code § 2261(A) Interstate Stalking (Scott Tharp) in Delaware, 47 USC Code § 223, 18 U.S.C.§1514(d)." (ECF 1, at 3.) Plaintiff names as Defendants in this action: (1) Rickisha Tharp, of Madison, Dane County, Wisconsin; (2) Scott Tharp, also of Madison, Dane County, Wisconsin; and (3) "2 unknown spouses," who may also reside in Wisconsin. She seems to accuse the Defendants of identity theft (*see id.* at 4-5), and appears to seek damages and the criminal prosecution of the Defendants (*see id.* at 5). Because Plaintiff does not have standing to seek the criminal prosecution of the Defendants, including with respect to the above-cited federal criminal statutes, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court construes this action as asserting claims against the Defendants for damages, under state law, under the court's diversity jurisdiction.

By order dated July 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the

[1] Plaintiff has filed, with her complaint, a motion for *pro bono* counsel that is styled for the United States District Court for the District of New Jersey. (ECF 3.)

Court dismisses this action, under 28 U.S.C. § 1406(a), because it has been brought in the wrong venue.

## DISCUSSION

### A. Applicable venue provision

The applicable venue provision for Plaintiff's claims requires that such claims must be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

### B. This court is not a proper venue for Plaintiff's claims

Plaintiff alleges that Defendants Rickisha Tharp and Scott Tharp reside in Madison, Dane County, Wisconsin; and she seems to allege that the other Defendants also reside in Wisconsin. (ECF 1, at 2-4.) Thus, this Court is not a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges nothing to suggest that any of the events or omissions giving rise to her claims occurred within this judicial district; she seems to allege that they occurred in Wilmington, Delaware; McFarland, Wisconsin; Madison, Wisconsin; and Bayonne, New Jersey (*id.* at 4-5), which are located within the District of Delaware, the Western District of Wisconsin, and in the District of New Jersey. *See* 28 U.S.C. §§ 87, 110, 130(b). Thus, while, under Section 1391(b)(2), the United States District Courts for the abovementioned judicial districts appear to be proper venues for Plaintiff's claims, this court is not a proper venue for such claims.

**C. This Court is a wrong venue for this action**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the purposes of Section 1406(a), a federal district court "cannot be [a] wrong [venue] if it is one in which the case could have been brought under [Section] 1391. . . . [A] wrong [federal] district [court] is therefore . . . [one] other than those . . . [courts] in which Congress has provided *by its venue statutes* that the action may be brought." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 58 (2013) (internal quotation marks and citation omitted). "Whether dismissal or transfer [under Section 1406(a)] is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1994). A federal district court may dismiss an action under Section 1406(a) for extraordinary circumstances, such as when it is brought by a vexatious litigant. *See Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992); *Townsend v. Pep Boys*, No. 1:13-CV-1606, 2014 WL 4826681, at *3 (N.D.N.Y. Sept. 29, 2014) ("The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion 'except in ***extraordinary circumstances.***'

Extraordinary circumstances may exist when the plaintiff is a vexatious litigant." (quoting and citing *Stich*, 982 F.2d at 89)).

In an order dated July 8, 2026, in another *pro se* action brought by Plaintiff in this court in which the Court dismissed that action *sua sponte* for lack of subject matter jurisdiction and directed Plaintiff to show cause why the Court should not bar her from filing any future civil action IFP in this court without prior permission, the Court recounted Plaintiff's history of vexatious litigation in this court. *Flores v. Davis*, ECF 1:26-CV-0179, 12 (S.D.N.Y. July 8, 2026). In that order, the Court noted that Plaintiff "has previously filed 10 *pro se* cases in this court, all of which were either dismissed on the merits or for lack of subject matter jurisdiction, or transferred to other federal district courts because venue was not proper here." *Id.* at 4-5 (listing cases). The Court also noted that three other federal district courts have imposed filing injunctions against Plaintiff due to her vexatious litigation in those courts. *Id.* at 6 (listing cases).

In light of Plaintiff's previous vexatious litigation in this court and in other federal district courts, *see id.* at 4-6, and because this court's multiple previous transfers of actions that Plaintiff has brought in this court, *see id.* at 4-5, demonstrate that Plaintiff is well aware of what constitutes this judicial district for the purposes of the applicable venue provision, *see Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances in which a frequent *pro se* litigant may be charged with knowledge of particular legal requirements), the Court determines that it is not in the interest of justice to transfer this action to another federal district court. The Court therefore dismisses this action, under Section 1406(a), as brought in the wrong venue.

**CONCLUSION**

The Court dismisses this action because it has been brought in the wrong venue. *See* 28 U.S.C. § 1406(a).

The Court therefore denies Plaintiff's motion for *pro bono* counsel. (ECF 3.) The Court thus directs the Clerk of Court to terminate ECF 3.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: July 15, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.